IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **LIONEL McClelland** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 1:10cv304LG-RHW |
| **SOUTHERN FINANCIAL SYSTEMS, INC.** and DOES 1-10, inclusive | **DEFENDANTS-COUNTER PLAINTIFF** |
| vs. | |
| **LIONEL McClelland** | **COUNTER-DEFENDANT** |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

COMES now the Defendant, Southern Financial Systems, Inc. ("Southern"), by and through its attorneys of record, Watkins Ludlam Winter & Stennis, P.A., and files this, its Answer and Affirmative Defenses to the Complaint filed by the Plaintiff, Lionel McClelland ("Plaintiff" or "Mr. McClelland") on or about July 6, 2010.

### FIRST DEFENSE

The Complaint fails to allege sufficient facts which, if proved, would entitle the Plaintiff to any relief for any cause of action actually or potentially pled in the Complaint and accordingly the Complaint should be dismissed pursuant to FRCP 12(b)(6).

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over the claims stated in Counts II and III of the Complaint and, accordingly, said Counts should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**THIRD DEFENSE**
(Answer to Complaint)

**JURISDICTION**

1. Southern admits that the Plaintiff alleges the existence of certain causes of action in paragraph 1 of the Complaint but the validity of all such causes of action and the ability of Plaintiff to prove a case in support of any such cause of action or any other cause of action against Southern is disputed and denied.

2. Southern admits the allegations of paragraph 2 of the Complaint.

3. Southern admits the allegations of paragraph 3 of the Complaint.

**PARTIES**

4. Southern admits, on information and belief, that the Plaintiff is an adult individual residing in Gulfport, Mississippi indebted to Memorial Hospital at Gulfport, Mississippi but all other or inconsistent allegations of paragraph 4 of the Complaint are denied.

5. Southern admits the allegations of paragraph 5 of the Complaint except to reserve the right to dispute whether or not Southern is or was acting as a "debt collector" as that term is defined by 15 U.S.C. §1692a(5).

6. Southern lacks sufficient knowledge or information to facilitate an admission or denial of the hypothetical "John Doe" allegations of paragraph 6 of the Complaint.

7. Southern lacks sufficient knowledge or information to facilitate an admission or denial of the hypothetical "John Doe" allegations of paragraph 7 of the Complaint.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

8. Southern admits that it was engaged to collect a $19,627.06 debt which Memorial Hospital at Gulfport, Mississippi represented to be owed to said hospital by the Plaintiff but all other or inconsistent allegations of paragraph 8 of the Complaint are denied.

- 3 -

9. Southern admits that it was engaged to collect a $19,627.06 debt which Memorial Hospital at Gulfport, Mississippi represented to be owed to said hospital by the Plaintiff but all other or inconsistent allegations and all legal conclusions in paragraph 9 of the Complaint are denied.

10. Southern admits that the Plaintiff's $19,627.06 debt owed to Memorial Hospital at Gulfport was assigned to Southern for collection as provided for under Mississippi law, but all other or inconsistent allegations of paragraph 10 of the Complaint are denied.

11. Southern admits that it lawfully contacted or attempted to contact the Plaintiff by means of one or more letters and telephone calls but all other or inconsistent allegations and all legal conclusions in paragraph 11 of the Complaint are denied.

12. Southern denies the wholly conclusory allegations of paragraph 12 of the Complaint.

13. Southern denies the allegations of paragraph 13 of the Complaint.

14. Southern denies the allegations of paragraph 14 of the Complaint.

15. Southern denies the allegations of paragraph 15 of the Complaint.

16. Southern denies the allegations of paragraph 16 of the Complaint.

17. Southern denies the allegations of paragraph 17 of the Complaint.

18. Southern denies the allegations of paragraph 18 of the Complaint.

19. Southern denies the allegations of paragraph 19 of the Complaint.

20. Southern denies the allegations of paragraph 20 of the Complaint.

21. Southern denies the allegations of paragraph 21 of the complaint.

22. Southern denies the allegations of paragraph 22 of the Complaint and demands strict proof of all damages claimed.

3618208.1/19331.35489

- 4 -

23. Southern denies the conclusory allegations of paragraph 23 of the Complaint and demands strict proof of all damages claimed.

24. Southern denies the allegations of paragraph 24 of the Complaint.

## COUNT I

25. Southern incorporates by reference all previous and subsequent affirmative defenses denials and allegations in this Answer as though fully stated herein in response to paragraph 25 of the Complaint.

26. Southern denies the allegations of paragraph 26 of the Complaint.

27. Southern denies the allegations of paragraph 27 of the Complaint.

28. Southern denies the allegations of paragraph 28 of the Complaint.

29. Southern denies the allegations of paragraph 29 of the Complaint.

30. Southern denies the allegations of paragraph 30 of the Complaint.

31. Southern denies the allegations of paragraph 31 of the Complaint.

32. Southern denies the allegations of paragraph 32 of the Complaint.

33. Southern denies the allegations of paragraph 33 of the Complaint.

34. Southern denies the allegations of paragraph 34 of the Complaint.

35. Southern denies the allegations of paragraph 35 of the Complaint.

36. Southern denies the allegations of paragraph 36 of the Complaint.

37. Southern denies the allegations of paragraph 37 of the Complaint.

38. Southern denies the allegations of paragraph 38 of the Complaint.

39. Southern denies the allegations of paragraph 39 of the Complaint.

40. Southern denies the allegations of paragraph 40 of the Complaint.

41. Southern denies the allegations of paragraph 41 of the Complaint.

3618208.1/19331.35489

- 5 -

## COUNT II

42. Southern incorporates by reference all previous and subsequent affirmative defenses denials and allegations in this Answer as though fully stated herein in response to paragraph 42 of the Complaint.

43. Southern denies the allegations of paragraph 43 of the Complaint.

44. Southern denies the allegations of paragraph 44 of the Complaint.

## COUNT III

45. Southern incorporates by reference all previous and subsequent affirmative defenses denials and allegations in this Answer as though fully stated herein in response to paragraph 45 of the Complaint.

46. Southern denies the allegations of paragraph 46 of the Complaint.

47. Southern denies the allegations of paragraph 47 of the Complaint.

48. Southern denies the allegations of paragraph 48 of the Complaint.

## COUNT IV

49. Southern incorporates by reference all previous and subsequent affirmative defenses, denials and allegations in this Answer as though fully stated herein in response to paragraph 49 of the Complaint.

50. Southern admits that Restatement of Torts, 2nd §652 speaks for itself but otherwise the allegations of paragraph 50 of the Complaint are denied.

51. Southern admits that the applicable provisions of Mississippi law speak for themselves, but otherwise the allegations of paragraph 51 of the Complaint are denied.

52. Southern denies the allegations in paragraph 52 Complaint.

53. Southern denies the allegations of paragraph 53 of the Complaint.

54. Southern denies the allegations of paragraph 54 of the Complaint.

55. Southern denies the allegations in paragraph 55 of the Complaint.

56. Southern denies the allegations in paragraph 56 of the Complaint.

## COUNT V

57. Southern incorporates by reference all previous and subsequent affirmative defenses, denials and allegations in this Answer as though fully stated herein in response to paragraph 57 of the Complaint.

58. Southern denies the allegations of paragraph 58 of the Complaint.

59. Southern denies the allegations of paragraph 59 of the Complaint.

60. Southern denies the allegations of paragraph 60 of the Complaint.

WHEREFORE PREMISES CONSIDERED, Southern denies that the Plaintiff is entitled to any of the relief requested in the eight numbered paragraphs following the Prayer for Relief paragraph beginning with the word WHEREFORE, or any other relief of any kind or character whatsoever of or from Southern and Southern further affirmatively moves the Court to dismiss the Complaint, with prejudice, and to assess all costs, including a reasonable attorney's fee to the Plaintiff and his attorney, and for such other or general relief as may be appropriate under the circumstances.

## NOTICE OF ADDITIONAL AFFIRMATIVE DEFENSES RAISED

1. Southern reserves any and all rights to arbitrate any and all disputes or controversies referenced in the Complaint, pending further clarification of the Plaintiff's claims.

2. Southern would affirmatively show that the Complaint is wholly lacking in factual allegations which, if proved, would entitle the Plaintiff to relief under any legal theory alleged.

3. Southern would affirmatively show that the Complaint fails to allege jurisdictional prerequisites to any claim brought under the Mississippi Consumer Protection Act which does not apply to collection activities even if such jurisdictional prerequisites have been satisfied.

4. Southern would affirmatively show that the Telephone Consumer Protection Act, 47 U.S.C. §227 referenced in Count III of the Complaint does not apply to debt collection activity and therefore, this Count does not state a Claim upon which relief may be granted.

5. The Complaint fails to attach copies of relevant documentation referenced or alluded to in the Complaint, or alternatively, explain the Plaintiff's failure to do so.

6. The Defendant pleads all applicable statutes of limitations, including but not limited to Miss. Code Ann. §15-1-35 and the applicable statutes of limitations under the FDCPA and FCRA.

7. The Defendant pleads that the Plaintiff has failed to mitigate damages in accordance with Mississippi law.

8. The Defendant pleads contributory negligence.

9. The Defendant pleads the bona fide error defense pursuant to the FDCPA, if applicable.

10. The Defendant pleads that the claims asserted or attempted to be asserted by the Plaintiff are preempted, in whole or in part, by applicable Federal law, including the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

11. The Defendant denies any causal connection between its conduct and the damages alleged by the Plaintiff.

12. The Defendant denies any violation of the FDCPA or the FCRA.

13. The Defendant pleads that it took no action to cause intentional injury to the Plaintiff and at all times acted in good faith and without malice or intent to injure.

14. The Defendant pleads that the Plaintiff's right to recover, if any, is limited to the remedies available pursuant to the FDCPA although all such liability is denied.

15. The Defendant pleads the defense of privilege accorded commercial speech and commercial communications and the right of a creditor or creditors' authorized representative to demand payment of a just debt.

16. The Defendant denies any liability to the Plaintiff whatsoever but hypothetically, in the event that the Defendant is mistaken, it pleads Mississippi's apportionment of liability statutes and case law to the extent that any alleged injuries are caused or contributed by third parties other than the answering Defendant.

17. An award of punitive damages will violate the Defendant's rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and Defendant's rights under comparable provisions of the of the Mississippi Constitution of 1890, because under Mississippi law (a) the standard for an award of punitive damages is so vague and indefinite that it does not give Defendants adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damage awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of

punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation, the residence, wealth, and/or corporate status of the Defendants; (e) Defendants may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity.

18. The Defendant pleads the defense of general issue, and all matters not expressly admitted in this separate answer are denied.

19. Southern reserves the right to assert additional affirmative defenses.

## COUNTERCLAIM

AND NOW, having fully answered the Complaint and set forth appropriate notice of all presently known and available affirmative defenses, Southern in its capacity as authorized representative of Memorial Hospital at Gulfport, Mississippi hereby asserts the following Counterclaim against the Plaintiff-Counter-Defendant, Lionel McClelland, and in support thereof which show the following:

## JURISDICTION

1. This Court has supplemental jurisdiction over the following Counterclaim which arises under Mississippi law and presents a claim that is so related to the claims and the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, the following is a Counterclaim

seeking to collect the Plaintiff's $19,627.06 debt owed to Memorial Hospital at Gulfport, Mississippi (MHG), plus an attorney's fee of up to 33 1/3% of the principal amount, plus interest accrued on the combined total from and after 60 days following the final billing of the Plaintiff's account, which is the same unidentified debt referenced in the Complaint by the Plaintiff-Counter-Defendant and authorized representative of the MHG, Southern.

2. That upon a written application and based on the written guaranty of payment by the Plaintiff-Counter-Defendant, MHG provided medical treatment and services to the Plaintiff-Counter-Defendant without advance payment therefor. As shown on the sworn affidavit, which is attached hereto as Exhibit "A" and made a part hereof by reference, Plaintiff-Counter-Defendant became indebted to MHG in the principal amount of $19,627.06. The sum of $19,627.06 remains past due to Defendant-Counter-Plaintiff on this account.

3. Pursuant to HIPAA, a copy of the itemization of the Plaintiff-Counter-Defendant's MHG medical bill is not attached, but will be made available through disclosures and/or discovery upon request.

4. That MHG assigned and transferred this account to the Defendant-Counter-Plaintiff, Southern. A copy of this assignment is attached hereto and incorporated herein and marked Exhibit "A."

5. Written itemized demand has been made on Plaintiff-Counter-Defendant for payment of the past due account, but Plaintiff-Counter-Defendant has failed to pay this account for more than sixty (60) after the final billing of his account by MHG. Therefore, according to the guaranty agreement executed by the Plaintiff-Counter-Defendant, Southern, as the authorized collection assignee of MHG, is entitled to recover the unpaid principal amount of the debt, plus a

- 11 -

reasonable attorney's fee of up to 33 1/3% of the past due and unpaid principal amount, plus legal interest accruing thereon from and after the 60th day following the final billing by MHG.

Wherefore, Plaintiff-Counter-Defendant, Southern, demands judgment of and from the Plaintiff-Counter-Defendant, Lionel McClelland, in the sum of up to $26,168.76 plus legal interest accrued thereon from and after approximately August 10, 2009, and all costs of Court.

RESPECTFULLY SUBMITTED, this the 18th day of October, 2010.

                SOUTHERN FINANCIAL SYSTEMS, INC.

                By Its Attorneys
                WATKINS LUDLAM WINTER & STENNIS, P.A.

        By:    William V. Westbrook, III_____

William V. Westbrook, III
(MS Bar No. 7119)
Watkins Ludlam Winter & Stennis, P.A.
2510 14th Street (39501)
Post Office Drawer 160
Gulfport, MS 39502
Telephone: 228-864-3094
Facsimile: 228-864-0516
wwestbrook@watkinsludlam.com

3618208.1/19331.35489

## CERTIFICATE OF SERVICE

I, William V. Westbrook, III, hereby certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to:

Mary Marshall Smythe, Esq.
77 West 85th Street, Apt. 6E
New York, NY  10024

This, the 18th day of October, 2010.

                                              /s/ William V. Westbrook, III_____
                                              WILLIAM V. WESTBROOK, III